UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2019 MAY -9 PM 3: 16
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

LOCAL PET, INC., a Florida corporation,

    Plaintiff,

v.

JAMES MORTON III, individually, and
ALEX TALYANKER, individually,

    Defendants.

Case No. 3:19-cv-547-J-34JBT

**INJUNCTIVE RELIEF SOUGHT**

## COMPLAINT

**COMES NOW** the Plaintiff, LOCAL PET, INC. ("Local Pet" or "Plaintiff"), by and through the undersigned Counsel, and sues JAMES MORTON III ("Mr. Morton"), individually, and ALEX TALYANKER ("Mr. Talyanker"), individually, and in support thereof, Plaintiff alleges the following:

1. This is an action for damages and injunctive relief.

2. This Court has subject matter jurisdiction over this controversy, pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Venue in this judicial district and division is proper, pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02.

4. Local Pet is a for profit corporation, organized under the laws of the State of Florida. Its principal place of business is located in Jacksonville Beach, Duval County, Florida.

5. On information and belief, Mr. Morton and Mr. Talyanker both are residents and citizens of Duval County, Florida.

1

6. Local Pet is an exclusive pet pharmacy network and electronic medical records platform that provides e-prescribing technologies and supportive sales and marketing systems, including customized shopping mall and inventory management and telemedicine capabilities.

7. Until approximately July 2018, Defendant Talyanker was employed by Plaintiff as Plaintiff's IT Software Developer.

8. Until March 20, 2018, Defendant Morton was employed by Plaintiff as Plaintiff's President and Chief Executive Officer.

9. During his employment with Plaintiff, Defendant Talyanker helped develop Plaintiff's valuable, proprietary software (the "Software") that enables Plaintiff to deliver unique veterinary pharmacy products and services to its customers.

10. At all times material, Plaintiff and Plaintiff's employees took reasonable steps to protect the Software from disclosure to third-parties.

11. On or about March 31, 2018, Defendant Morton began working for non-party True Nature Holdings, Inc. ("True Nature"), in competition with Plaintiff.

12. On information and belief, Defendant Talyanker began working for True Nature in or about April 2018, also in competition with Plaintiff.

13. At the time of their resignation, Plaintiff's Software was located in Defendant Talyanker's house on one of his personal computers.

14. Upon commencing work for True Nature, Defendants began using Plaintiff's Software for True Nature's benefit, in competition with Plaintiff.

15. Plaintiff has repeatedly demanded the return of its Software, passwords, control of virtual websites and platforms, marketing materials, financial documents, and other intellectual

property and trade secrets from the Defendants, but Defendants have refused to return same to Plaintiff.

16. Plaintiffs have engaged the undersigned Counsel and agreed to pay reasonable attorneys fees and costs.

## COUNT I – VIOLATION OF FLORIDA'S UNIFORM TRADE SECRETS ACT

17. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth herein.

18. This is an action pursuant to FLA. STAT. §§ 688.001, *et seq.* for monetary and injunctive relief.

19. The Software at issue herein is a trade secret.

20. The Software derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

21. The Software is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

22. The Software was not generally known by others who might profit from its use or disclosure.

23. The Software was not readily ascertainable by that same class of persons.

24. The Software was subject to reasonable efforts under the circumstances to maintain its secrecy.

25. At all times material, the Defendants knew that the Software was a trade secret.

26. The Defendants acquired the Software while employed by the Plaintiff.

27. Following their employment with Plaintiff, the Defendants used the Software for their own advantage, to the detriment of Plaintiff.

28. Defendants unlawfully, without Plaintiff's express or implied consent, disclosed or used the Software in connection with their employment with non-party True Nature Holdings, Inc.

29. Without the issuance of an injunction, prohibiting the continued unlawful use or disclosure of the Software by Defendants, Plaintiff will suffer irreparable harm.

30. As a direct and proximate result of Defendants' misappropriation of the Software, Plaintiff has suffered damages.

31. Plaintiff is entitled to recover damages, including both the actual loss caused by the misappropriation of the Software and the unjust enrichment caused by the misappropriation.

32. Defendant's misappropriation of the Software was willful and malicious.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) An award of Damages, including actual damages and unjust enrichment damages;

(b) A temporary, preliminary, and permanent injunction, enjoining the Defendants from using or disclosing the Software to third-parties;

(c) An award of attorney fees and costs; and

(d) Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT II – THEFT OF COMPUTER DATA
### 18 U.S.C. § 1030(a)(2)(C)

33. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth herein.

34. This is an action pursuant to 18 U.S.C. § 1030(a)(2)(C) for monetary and injunctive relief.

35. At all times material, Plaintiff's Software was residing in a protected computer, as that term is defined by 18 U.S.C. § 1030(e)(2).

36. At all times material, the protected computer was used in or affecting interstate or foreign commerce or communication.

37. Defendants knowingly and intentionally accessed a protected computer and exceeded their authorization by using Plaintiff's Software for improper purposes, including for their own benefit and for the benefit of third-parties.

38. The damage resulting from Defendants' conduct is more than $5,000 in any one-year period.

39. The foregoing is a violation of 18 U.S.C. § 1030(a)(2)(C) and subjects the Defendants to a civil action for compensatory damages, injunctive relief, or other equitable relief pursuant to 18 U.S.C. § 1030(g).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) An award of compensatory damages;

(b) A temporary, preliminary, and permanent injunction, enjoining the Defendants from using or disclosing the Software to third-parties;

(c) An award of attorney fees and costs; and

(d) Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT III – UNAUTHORIZED ACCESS WITH INTENT TO DEFRAUD
### 18 U.S.C. § 1030(a)(4)

40. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth herein.

41. At all times material, Plaintiff's Software was residing in a protected computer, as that term is defined by 18 U.S.C. § 1030(e)(2).

42. At all times material, the protected computer was used in or affecting interstate or foreign commerce or communication.

43. Defendants knowingly, and with intent to defraud, accessed the protected computer and exceeded their authorization, by using Plaintiff's Software for improper purposes, including for their own benefit and for the benefit of third-parties.

44. Defendants have demanded payment in exchange for the return of the Software.

45. The damage resulting from Defendants' conduct is more than $5,000 in any one-year period.

46. The foregoing is a violation of 18 U.S.C. § 1030(a)(4) and subjects the Defendants to a civil action for compensatory damages, injunctive relief, or other equitable relief pursuant to 18 U.S.C. § 1030(g).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a) An award of compensatory damages;

(b) A temporary, preliminary, and permanent injunction, enjoining the Defendants from using or disclosing the Software to third-parties;

(c) An award of attorney fees and costs; and

(d) Such other and further relief as this Honorable Court deems just and appropriate.

### COUNT IV – PREJUDGMENT WRIT OF REPLEVIN

47. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth herein.

48. Pursuant to FLA. STAT. §§ 78.055 and 78.068, Plaintiff seeks a prejudgment writ of replevin from the Court.

49. The property sought is the following: Plaintiff's Software, passwords, marketing materials, financial documents, and computer server.

50. Defendants are wrongfully detaining the above described property, which belongs to Plaintiff.

51. The cause of the detention is that Defendants are former employees of Plaintiff and are seeking to derive benefit for themselves and for third-parties from Plaintiff's property.

52. To the Plaintiff's knowledge, information and belief, the value of the property is substantial and indeterminate, and the location of the computer is Defendant TALYANKER's residence.

53. Plaintiff is entitled to possession of the above-described property.

54. Defendants came into possession of the property through their employment with Plaintiff and have refused to return it to the Plaintiff, despite repeated demands for same.

55. The above-described property has not been taken for a tax, assessment, or fine pursuant to law.

56. The above-described property has not been taken under an execution or attachment against the computer.

57. The Defendants are engaging in, or are about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of this court, or transfer to an innocent purchaser during the pendency of this action.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(a) Issuance of a prejudgment writ of replevin without notice, directing the Sheriff of Duval County and/or the United States Marshal, to take Plaintiff's Software,

passwords, marketing materials, financial documents, and computer server from the possession of the Defendants and place them in the sole possession of the Plaintiff; and

(b)     Such other and further relief as this Honorable Court deems just and appropriate.

Dated April 22, 2019.

                                               **THE BONDERUD LAW FIRM, P.A.**

                                               */s/ Andrew Bonderud*
                                               Andrew M. Bonderud, Esq.
                                               Florida Bar No. 102178
                                               TRIAL COUNSEL
                                               301 W. Bay Street, Suite 1433
                                               Jacksonville, FL 32202
                                               904-438-8082 (telephone)
                                               904-800-1482 (facsimile)
                                               E-Mail: BonderudLaw@gmail.com
                                               *Counsel for Plaintiff*